Good morning, Your Honors. Karen Bucher for Michael Lux. The issue in this case is whether California false imprisonment statute is a crime of violence under the residual clause of Section 4B1.2a. There are no published cases in the Ninth Circuit regarding this issue, but there are two unpublished cases that hold that California's false imprisonment statute is not categorically a crime of violence because it can be committed by fraud or deceit. And those two cases are U.S. v. Lozano and U.S. v. Martinez-Florist, both 2012 cases. And the record in this case shows that Mr. Lux was convicted of false imprisonment by fraud. Counsel, how is this case meaningfully different from United States v. Park, where the argument was that the Nevada crime could be done in both violent and nonviolent ways, and pointed specifically to the use of the term invagling, which is similar to fraud or luring. And yet we held that that was a crime of violence across the board categorically because the ordinary case presents a serious risk of injury. So why shouldn't we follow Park in an analogous context here? Your Honor, I think that's the Chandler case. Park is the burglary case. Oh, I'm sorry. Chandler. You're right. I'm sorry. I've got the wrong case. That's the 2014. You're right. It's Chandler 2014. Well, the way to look at this is that all crimes will involve some sort of potential for injury. I mean, just for the nature, it's a crime. So the question is, is there a serious potential risk of injury? And in the Chandler case, that involved robbery where someone is robbed by force. In the Park case, it's burglary where someone goes into a house with intent to commit a felony, whereas false imprisonment is a totally different nature. In the ordinary case, it wouldn't be violent. It's not normally violent. But this was a felony false imprisonment. Is that right? By fraud. And what's interesting, in California... That's a yes or no question. Yes. Okay. There's also a misdemeanor which is less serious, presumably. I mean, it has slightly different elements. Yes, that's a different crime. Yes, Your Honor. So in the felony context of false imprisonment, why wouldn't that, in the ordinary case, carry a risk of injury? Because in California, the crime is listed in the alternative. There are different ways to commit a felony false imprisonment, violence, menace, fraud, and deceit. Because in this case, it's committed by fraud, and there's no serious risk of danger of injury. And California courts have said that. They said in California, the false imprisonment by fraud presents no significant injury to the victim. There's one other thing that concerns me about your argument. If I'm remembering this correctly, and since I misremember the name of Chandler, I could be wrong here, too. But my memory is that at least two other circuits have held that false imprisonment or the equivalent of false imprisonment by a different name is categorically a crime of violence. Are you aware of any circuits that have held in the manner that you're asking us to hold here? Not yet, no, Your Honor. And I'm aware of those other cases. And it brings me back to what I said earlier. It isn't – whenever there's a crime, there's always a potential risk of injury. But when there's a crime – I mean, even if he used fraud to lure her into the room, false imprisonment means retaining somebody against their will. Isn't that implicitly that there's a risk of violence that if it's against her will, she would resist and he would use violence to keep her there? Not necessarily, Your Honor, because he was convicted of false imprisonment by fraud. That is a different crime than a crime of violence. And to answer your question, in Park, the question is, does it present a serious potential of physical injury? It's that word serious. Like I said earlier, every crime is going to involve some potential risk of injury. And the question is, is false imprisonment in California by fraud – does that pose a serious risk of injury? Did the indictment against him say you are accused of false imprisonment by fraud or did it say you are accused of violating the false imprisonment statute? It's not in the record, Your Honor. The government – So you keep saying it was by fraud. And I know at one point the government recited it by fraud and then amended to say it was false imprisonment. But let's deal with just what the record shows. Yes. So the record shows that the indictment was not limited to fraud, but simply you committed false imprisonment. Is that right? By the reading of the petition, the petition initially read it was false imprisonment by violence. Then it was amended to take the word violence out. Because the statute just talks about false imprisonment. So wasn't that simply to make it a more inclusive charge rather than a more narrow charge? You know, the record doesn't say – I tried to figure that out myself. The record does not say why that happened. I know. But however it happened, it didn't say the narrower false imprisonment by fraud, I guess. I'm asking that question. I'm not making the assertion. Yes, Your Honor. That's correct. It did not explicitly state that. But what happened afterwards, defense counsel wrote in the defense memorandum, sentencing memorandum, that the crime was committed by fraud. Then he stated it orally at sentencing. And the government never disputed it. It was never disputed that it was committed by fraud. Counsel, is the California crime accomplished by getting the victim there by deceit, or does it require also that the victim be held there by deceit or some other means? Well, Section 2. Let me give you a hypo if I'm having trouble making my question clear to you. I'm thinking, suppose a man gets a woman to come to his apartment by saying, you must come to my apartment to see my etchings. I have some wonderful etchings. She walks into the apartment, because she likes etchings, and sees that there are no etchings. So she says, there are no etchings here. I'm leaving. And he says, well, I tried, and lets her go. Well, is that false imprisonment under California law, because he inveigled her into his apartment by deceit? I can't cite to a case law that would answer that question. But the fact that he brought her in there under false pretenses, it might be. Well, as I read the California law as interpreted at least by one of the appellate courts in People v. Islis, to prove false imprisonment, the government must show, the state must show that the individual was restrained of his or her liberty, and it can be accomplished in various ways. But restraint of liberty seems to be the essence of it. Yes, that is the essence. But if it's by fraud, the whole idea of injury is not there. That is just what I was getting at, that restraint of liberty. I mean, she has the liberty not to go to his apartment. The only reason she went there is the false statement that he would have interesting etchings. My gosh, now that I think of it, there's a store in the Seattle airport. It says 40% discount on, it looks like, art of shaving. That's fancy men's shaving creams and razors and that sort of thing. If you go in there, it turns out they have no art of shaving supplies. And what the sign says, if you look carefully, is art of saving rather than shaving. It kind of tricks the customer in. So the customer had the liberty to just go get lunch, but was deprived of the liberty to just go get lunch by a deceitful invitation to come in and see the very fancy shaving supplies marked down 40%. It's really pretty much the same thing as the etchings case, as long as the person isn't held there after they've discovered the fraud. Is that a deprivation of liberty under California law? I don't think so, Your Honor. That would be false advertising. It's the same point. If someone is brought into a place where they don't want to go under false, you know, by false pretenses. So we should just stick with the etchings? And you don't have a California case that says what deprivation of liberty means? No, honestly, Your Honor, I don't. But in a normal case, the person could leave without incident. And I think that's why the California court has held that false imprisonment by fraud does not pose a significant risk of injury to an individual. You are down to just a few seconds of your time. If you'd like to have some rebuttal, we'll give you back some of your time. Thank you, Your Honor. Good morning. May it please the court, Monica Ramirez on behalf of the United States. What was the evidence of violence or fraud or physical evidence in this case? Your Honor, the only evidence presented before the district court was the description of the offense in the petition, in the violation petition that the U.S. Probation Office presented. And there the probation officer explained that the defendant had lured a woman into his apartment under the pretext that he was interviewing her to be a hostess at an art gallery. Upon entering the apartment, he pushed her into a corner, and she resisted and said she wanted to leave and, in fact, left the apartment. Those are the facts that were in the petition. And the record of conviction here, the records, I should say, of conviction, were not presented before the district court. However, as I'm sure the court is aware, the government did seek judicial notice of the records of conviction, which clearly show that the defendant was charged with felony false imprisonment by violence and that he pleaded. Did the indictment say false imprisonment by violence? It did, Your Honor. So it wasn't just the false imprisonment? That's correct. We're mixing two things here, the state crime indictment and the probation officer's petition. That's correct, Your Honor. So the state indictment, the charging document, included the language felony false imprisonment by violence. That was count one of the charging document. There was some evidence of not just pushing her in the corner, but trying to persuade her or cause her to take some clothes off. Was that right or not? That's correct as well. That was in the petition violation. The probation officer's report included a description of that. Correct. And so that was the probation officer reciting what the victim had told the probation officer apparently? I believe it was based on police reports, but we don't have those reports. But it was before the court on the probation record. Correct. And the court also at the sentencing hearing described the circumstances of the offense. Can we use the petition to determine the circumstances under the modified categorical approach and its limitation under desk camps? Your Honor, I don't think you can. I didn't think we could either. I think we're stuck with the indictment. And that's why it's our position that the felony false imprisonment statute is categorically a crime of violence. And if the court disagrees with that, then this court may consider the modified categorical approach, but consider only those records that are judicially recognizable, including the charging document, the minute order, and the abstract of judgment, which show that the defendant here pleaded guilty to count one of the charging document, which specifies that the crime at issue was felony false imprisonment by violence. It strikes me that there is, even though I misspoke earlier in mentioning Park, it does strike me that the burglary cases that this court has decided may be relevant also, in that there was a series of cases in which there were arguments that in California, burglary didn't have to start out in any violent way, that one could enter by permission and then form the intent to commit a felony inside the place where one had entered by permission. And it strikes me that the defendant's argument in this case is parallel to that, saying that, well, if you get the person in there by fraud rather than by violence, then King's X. And in the burglary cases, we said no, because once you develop that intent to commit a crime, and parallel here, we would say once you falsely imprison the person, the potential for violence arises. Is that right? What are the holes in my parallel? Your Honor, you're correct. That is absolutely right. That is the government's position, that if you look at cases like United States v. Park, cases like Sykes, United States v. Sykes, Supreme Court case, and the 11th Circuit cases, 7th Circuit cases dealing specifically with state felony false imprisonment statutes, the test is whether there is a serious risk of potential injury. It's a test that focuses not on the inevitability of violence or harm, but instead the potential risk of injury. That's what the residual clause provides for. That's what the case law interpreting the residual clause makes clear, that you don't have to prove that the statute encompasses elements that necessarily will result in violence in every case. Instead, what you're looking at is whether in the ordinary case there is a serious risk of potential injury. And as we explained in our briefs, felony false imprisonment under California law, regardless of how it is affected, either by violence, menace, or by fraud or deceit, carries that inherent risk of danger and violence. We already know from the Supreme Court's decision that drunk driving is not a crime of violence, that risk of physical injury is not enough to make something a crime of violence. So I think that argument would just argue too much for the current state of the law. I'd like to focus a little more narrowly by using that etchings hypo again. It's pretty plain that you don't need violence to commit the felony. It's enough to have deceit for the felony, according to the wording of the California statute. So if a person lures a woman into an apartment deceitfully, whether to look at his etchings that aren't there or to apply for a job, as whatever this woman was supposed to be applying for a job for, and then the woman gets there, and it turns out to be pretty plain that there's no job or no etchings, and she leaves, it looks to me as though that may be a deprivation of liberty under the California false imprisonment statute, depending on whether there are any cases that say what liberty is. However, there's no violence to it, and I don't know if we have a record that shows there was evidence cognizable under Taylor, Shepard, and their progeny to show that there was any violence here. The only violence discussed is pushing her against the wall before he let her leave, and I don't know if we have cognizable evidence that he did that. Understood, Your Honor. You don't need the evidence of what occurred in this specific offense to find that false imprisonment qualifies. Do we have evidence that's cognizable under Taylor, Shepard about the pushing? We do. However, those records were not presented to the district court. Well, then they don't. If they weren't presented to the district court, that's like a cop saying, I know he's guilty, but I have no evidence for it. If I may, Your Honor, the reason they weren't presented is because, and this takes us back to what is really a preliminary issue, the defense never disputed that the state offense here constituted a grade A violation. And so there was never any dispute as to what the sentencing guidelines range was in this case. And in both the sentencing position paper presented by the defendant and at the sentencing hearing itself, the defendant did say that he was convicted of false imprisonment by fraud or deceit. So you're saying there's no evidence, but it would be plain error? Correct, Your Honor. So there is no, it is our position, there is no error here because the crime itself qualifies categorically as a crime of violence. Now, tell me about the other half of my question. Yes. Why deceitfully and vaguely somebody into an apartment and then peacefully letting the person leave is categorically a crime of violence? There are two elements to the offense, Your Honor. Pursuant to the California jury instructions, the government or the state here would have had to have shown that the defendant intentionally restrained or confined or detained the victim or caused that person to be restrained, confined, or detained by violence, menace, fraud, or deceit, and the defendant made the other person stay or go somewhere against the person's will. Where is that? That's jury instruction 1240. I just looked at the California Penal Code at 236 and 237, and I didn't see that second part. The second part is found in the jury instructions, in the California jury instructions, which lays out the two elements. How do we know about those? Are they in the district court record? They are not, Your Honor. They're simply the existing jury instructions that define what it means to. . . Is there a California case that you've cited that tells me that that second element is needed? Yes. I believe that the People v. Islas case and People v. Dominguez case both include a description of those elements. People versus. . . People v. Dominguez. And I can provide the Court with the cites if necessary. They are both cited in the government's brief. We have those, and your time has expired. Thank you, Your Honor. Thank you. Ms. Buecher, we'll give you a minute for your rebuttal. Your Honor, is there anything further? Thank you. The case just argued is thus submitted, and we will next hear argument in Hall v. Arneson.
judges: Ebel, Kleinfeld, Graber